UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOMMY LEE BENTON,

    Plaintiff,

-vs-                                            Case No. 8:10-cv-2734-T-30AEP

RICHARD B. NUGENT, et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a prisoner confined at Hernando County Jail (hereinafter "HCJ"), Brooksville, Florida. He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. 2).

Plaintiff names Sheriff Richard B. Nugent and several other prison officials as Defendants in this matter. Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

  (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

  (b)    Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee.  The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*.  *See id.*  The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff alleges that on September 26, 2010, Defendants ordered him to discard some of his personal property that he purchased in the jail's commissary, i.e., a sweatshirt, sweatpants, tee-shirts, long johns and socks.  Plaintiff alleges that the clothes were not altered, and therefore pursuant to the jail's policies and procedures, Defendants improperly ordered him to discard the property.  Plaintiff asserts that Defendants deprived him of his property without due process of law, and deprived him equal protection of the law.

As relief, Plaintiff seeks compensatory and punitive damages, and "an injunction against Hernando County Sheriff Richard Nugent, Maj. Page, and Lt. Klucznik." (Dkt. 1 at pg. 11).

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). See also, Pontier v. City of Clearwater, Fla., 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**A.     Due Process Claim**

The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV, § 1. However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss

is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Taylor v. McSwain*, 335 Fed. Appx. 32, 34 (11th Cir. 2009) (unpublished opinion) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson v. Palmer*, 468 U.S. 517 at 533). Therefore, "a prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under section 1983 unless there is no adequate post-deprivation remedy available." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008).

The complaint does not allege that the remedies under Florida law are inadequate. Further, "[u]nder the law of Florida, 'law enforcement officers may be liable for conversion' for the seizure or retention of personal property." *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting *E.J. Strickland Constr., Inc. v. Dep't of Agric. & Consumer Servs. of Fla.*, 515 So. 2d 1331, 1335 (Fla. 5th DCA1987)). Accordingly, Plaintiff is not entitled to relief under § 1983.

**B.     Equal Protection**

To the extent the complaint asserts that Defendants deprived Plaintiff of "equal protection of the law," Plaintiff is likewise entitled to no relief. To plead an equal protection claim, Plaintiff must allege: (1) that he has been treated differently than "similarly situated" inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right. *Sweet v. Sec'y Dep't of Corrections*, 467 F.3d 1311, 1319 (11th Cir. 2006), *cert. denied,* 550 U.S. 922 (2007); *Jones*

*v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). The complaint does not allege sufficient facts showing or suggesting that Plaintiff was treated differently than "similarly situated" inmates based on his race, religion, national origin, or some other protected right. Thus, the complaint fails to state an equal protection claim.

## Conclusion

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915A(b)(1), this action must be dismissed.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted (Dkt. 1).

2. The **Clerk of Court** is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*